LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 12-7393 GAF (FMOx) | Date | October 16, 2012 |
|---|---|---|---|
| Title | National Loan Acquisitions Company v. Narinder Grewal et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: | |
| None | | None | |

**Proceedings:**      **(In Chambers)**

### ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

    On August 28, 2012, Plaintiff National Loan Acquisitions Company filed suit against Defendants Narinder Grewal, Pritpal Grewal, Rajwant Grewal, Ravinder Grewal, and Dhandra Investments, LLP, asserting a cause of action for breach of commercial guaranty.  (Docket No. 1 [Compl.].)  Plaintiff claims that this Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332.  (Id. ¶ 1.)  However, as set forth below, the Court cannot presently determine every Party's citizenship.  Accordingly, Plaintiff is **ORDERED to show cause** why the Court should not dismiss the action for lack of subject matter jurisdiction.

    Federal courts are courts of limited jurisdiction, and the burden of establishing jurisdiction rests upon the party asserting it.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  FED. R. CIV. P. 12(h)(3).  "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ."  Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) (court has duty to establish subject matter jurisdiction over action sua sponte, whether the parties raise the issue or not).

    Federal courts have jurisdiction on the basis of diversity of citizenship if the amount in controversy exceeds $75,000 and if the matter is between citizens of different states.  28 U.S.C.

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7393 GAF (FMOx) | Date | October 16, 2012 |
|---|---|---|---|
| Title | National Loan Acquisitions Company v. Narinder Grewal et al | | |

§ 1332(a). "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, i.e. every plaintiff must be diverse from every defendant." Osborn v. Metropolitan Life Ins. Co., 341 F. Supp. 2d 1123, 1126 (E.D. Cal. 2004). "[A] partnership is a citizen of all of the states of which its partners are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

Here, Plaintiff does not adequately allege the citizenship of Defendant Dhandra Investments, LLP, because it makes no allegations as to the citizenship of Dhandra Investments' partners. (See Compl. ¶ 6.) Thus, the Court is unable to conclude that complete diversity is present. Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE no later than Monday, October 29, 2012**, as to why the Court should not dismiss this action for lack of subject matter jurisdiction. Failure to respond by this deadline will be **deemed consent to dismissal**.

**IT IS SO ORDERED.**